UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, JOHN A. WAGNER, KENNETH R. BOYD, CARL IVKA, ROBERT A. BLAIR, TIMOTHY MELIA, MILTON JONES WILLIAM M. VAUGHN, III, JON K. MCPHERSON RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS,<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>                **Plaintiffs,**<br>   v.<br><br>ONE STOP PACEMAKER, INC.<br>413 Southtowne Drive<br>Belvidere, IL 61008<br><br>Serve: Anthony J. Dal Pra<br>       1901 Union Avenue<br>       Belvidere, IL 61008<br><br>                **Defendant.** | Case No. 18-cv-08404 |

**COMPLAINT**

Plaintiffs, United Food and Commercial Workers International Union-Industry Pension Fund (the "Fund") and its Trustees, by counsel, hereby complain of Defendant One Stop Pacemaker, Inc. ("One Stop Pacemaker") as follows:

**Introduction**

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 et seq. (1982), and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against

1

Defendant One Stop Pacemaker for delinquent contributions, interest, liquidated damages, and attorneys' fees and costs incurred by the Plaintiffs in collecting these amounts related to Defendant's failure to pay contributions required by agreement between One Stop Pacemaker and the United Food and Commercial Workers Local Union No. 1546 ("Local 1546").

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

## Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, John A. Wagner, Kenneth R. Boyd, Carl Ivka, Robert A. Blair, Timothy Melia, Milton Jones, William M. Vaughn, III, Jon K. McPherson, Richard D. Cox, M. Scott Henderson, and Jason Paradis, are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant One Stop Pacemaker is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry

affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, One Stop Pacemaker is a corporation organized under the laws of the State of Illinois with its principal place of business in Belvidere, Illinois.

## Governing Documents

7. At all times relevant to this action, One Stop Pacemaker employed employees represented for the purposes of collective bargaining by Local 1546, a labor organization representing employees in an industry affecting interstate commerce.

8. At all times relevant to this action, Defendant One Stop Pacemaker and the Local 1546 have been parties to and bound by a collective bargaining agreement ("CBA") obligating One Stop Pacemaker make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

9. Under the CBA, One Stop Pacemaker agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder. The Trust Agreement required the Defendant to submit monthly pension contributions to the Fund.

10. One Stop Pacemaker also signed an Employer Participation Agreement with the Fund ("Participation Agreement"). The terms of the Participation Agreement obligated One Stop Pacemaker to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

11. The Trust Agreement bound One Stop Pacemaker to the Fund's Delinquency Collection Procedure adopted by the Trustees ("Delinquency Policy").

12. The Delinquency Policy requires One Stop Pacemaker to submit monthly remittance reports and pension contributions to the Fund, establishes the Fund's interest rate on delinquent contributions, provides for the Fund to charge interest on late-paid contributions, and calls for the Fund to collect attorneys' fees, costs, and liquidated damages related to collecting a delinquency.

**COUNT ONE: DELINQUENT CONTRIBUTIONS**

13. Plaintiffs incorporate the foregoing Paragraphs as if stated herein.

14. One Stop Pacemaker is obligated to pay contributions to the Fund as required by the CBA, the Trust Agreement, the Participation Agreement, and ERISA Sections 502 and 515, 29 U.S.C. §§ 1132, 1145.

15. One Stop Pacemaker has failed to pay a total of $2,000.00 in estimated contributions owed to the Fund for the period of April 2018 through November 2018.

16. By failing to pay the required contributions, One Stop Pacemaker has violated Section 515 of ERISA, 29 U.S.C. § 1145, Section 302 of the LMRA, 29 U.S.C. § 186 and the Trust Agreement.

17. The Fund has applied past overages paid by One Stop Pacemaker in the amount of $1.00 to the delinquent contributions, thereby decreasing the delinquent contributions owed to $1,999.00.

18. Accordingly, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), the LMRA, and the Trust Agreement, and the Participation Agreement, One Stop Pacemaker is liable to the Fund for $1,999.00 in estimated delinquent contributions for the period of April 2018 through November 2018 and any contributions that become delinquent or are discovered while this action is pending, approximately $53.22 in interest on the unpaid contributions accrued as of January 4, 2019, plus additional interest accruing at the Fund's interest rate of 2%

above the prime rate while this action is pending, liquidated damages in an amount that is equal to the greater of the interest on the delinquent contributions or 20 percent of the amount of delinquent contributions, and reasonable attorneys' fees and costs incurred by the Plaintiffs in pursuing the delinquent amounts.

## Prayer for Relief

**WHEREFORE**, Plaintiffs request the following relief:

A. Enter judgment against Defendant and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $1,999.00 in estimated delinquent contributions;

(2) Interest on the delinquent contributions at the Fund's interest rate of 2% above the prime rate accruing from the date the contributions became due and owing until the date paid, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(3) An amount equal to the greater of the interest on the delinquent contributions or 20 percent of the delinquent contributions, in an amount of at least $399.80, as required by 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Additional contributions that may become delinquent during the pendency of this action or which become ascertainable based on the Fund's review of One Stop Pacemaker's employment records;

(5) Attorneys' fees and other costs incurred by the Fund in the collection of delinquent contributions, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2);

B. Retain jurisdiction of this case pending compliance with its Orders; and

C. Grant such other and further relief as the Court may deem just.

Dated: December 21, 2018			Respectfully submitted,

			/s/ *Jeffrey S. Endick*
			Jeffrey S. Endick, Esq. (Bar No. 4133661)
			Kristina F. Salamoun, Esq. (Bar No. 89157)
			SLEVIN & HART, P.C.
			1625 Massachusetts Avenue, NW, Suite 450
			Washington, D.C. 20036
			(202) 797-9700
			(202) 234-8231 (facsimile)

			/s/ *David Huffman-Gottschling*
			David Huffman-Gottschling, Esq. (Bar No. 06269976)
			Charles P. Burns, Esq. (Bar No. 6317003)
			JACOBS, BURNS, ORLOVE & HERNANDEZ
			150 North Michigan Avenue, Suite 1000
			Chicago, IL 60601
			(312) 327-3443

			*Counsel for Plaintiffs*

	A copy of this complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20690724v1